MELINDA HAAG (CSBN 132612)
United States Attorney

ALEX G. TSE (CSBN 152348)
Chief, Civil Division

ANN MARIE REDING (CSBN 226864)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-6813
    FAX: (415) 436-6748
    annie.reding@usdoj.gov

Attorneys for Federal Defendant
Brook Stewart

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ALLEN WAYNE LACKEY, | No. 3:12-cv-03242-RS |
| Plaintiff, | [Related Case Nos.: 3:12-cv-03241-RS 3:12-cv-03244-RS] |
| v. | **STIPULATION FOR COMPROMISE SETTLEMENT AND RELEASE;** |
| BROOK STEWART, | **[PROPOSED] ORDER AND CONSENT DECREE** |
| Defendant. | |

It is hereby stipulated by and between the undersigned Plaintiff and the UNITED STATES OF AMERICA, by and through their respective attorneys, as follows:

WHEREAS, on May 23, 2012, Plaintiff Allen Wayne Lackey filed three nearly identical complaints in Small Claims Court, Superior Court of California, County of Napa, alleging abuse of power, malfeasance of office, conspiracy, fraud, and breach of contract stemming from actions that began on October 6, 2006.[1] Each complaint names a separate defendant: Federal

---

[1] *See Lackey v. Conte*, 3:12-cv-03241-RS; *Lackey v. Stewart*, 3:12-cv03242-RS; *Lackey v. Huerta*, 3:12-cv-03244-RS.

STIPULATION FOR COMPROMISE SETTLEMENT AND RELEASE;
[PROPOSED] ORDER AND CONSENT DECREE
3:12-cv-03241-RS, 3:12-cv-03242-RS, 3:12-cv-03244-RS    1

Aviation Administration Aviation Safety Inspector ("ASI") Richard J. Conte, Federal Aviation Administration ("FAA") ASI Brook Stewart, and FAA Acting Administrator Michael Huerta.

WHEREAS, pursuant to 28 U.S.C. § 1442(a)(1), on June 22, 2012, Defendant removed this case to this Court;

WHEREAS, Plaintiff and Defendant wish to avoid any further litigation and controversy and to settle and compromise fully any and all claims and issues that have been raised, or could have been raised in this action, which have transpired prior to the execution of this Settlement Agreement ("Agreement");

NOW, THEREFORE, in consideration of the mutual promises contained in this Agreement, and other good and valuable consideration, receipt of which is hereby acknowledged, the Parties agree as follows:

1. **Agreement to Compromise Claims**. The parties do hereby agree to settle and compromise each and every claim of any kind, whether known or unknown, arising directly or indirectly from the acts or omissions that gave rise to the above-captioned action under the terms and conditions set forth in this Agreement.

2. **Definition of "United States of America."** As used in this Agreement, the United States of America shall include its current and former agents, servants, employees, and attorneys, as well as the Federal Aviation Administration, and/or its current and former agents, servants, employees, and attorneys.

3. **Settlement Terms**. The United States of America agrees to waive collection of the assessed $11,000 civil penalty for Plaintiff's failure to surrender his Commercial Pilot Certificate No. 261867983 (Order of Assessment, FAA Case No. 2009WP250025, affirmed by the National Transportation Safety ("NTSB") on October 20, 2009, NTSB Docket No. CP-187), the assessed $25,000 civil penalty for Plaintiff's failure to surrender his Private Pilot Certificate No. 261867983 (February 3, 2011 Order of Assessment, FAA Case No. 2011WP250007), as well as to waive the collection of any civil penalty that might be assessed for the events that occurred on June 2, 2012, wherein Plaintiff, in conjunction with Golden Gate Helicopters, allegedly operated

his helicopter while carrying passengers ("Settlement Terms"), which agreement shall be in full settlement and satisfaction of any and all claims, demands, rights, and causes of action of whatsoever kind and nature, arising from, and by reason of any and all known and unknown, foreseen and unforeseen personal injuries, damage to property and the consequences thereof, resulting, and to result, from the subject matter of this settlement, including any claims for wrongful death, for which Plaintiff or his guardians, heirs, executors, administrators, or assigns, and each of them, now have or may hereafter acquire against the United States of America.

4. **Release**. Plaintiff and his guardians, heirs, executors, administrators or assigns hereby agrees to accept the Settlement Terms in full settlement and satisfaction of any and all claims, demands, rights, and causes of action of whatsoever kind and nature, including claims for wrongful death, arising from, and by reason of any and all known and unknown, foreseen and unforeseen personal injuries, damage to property and the consequences thereof which they may have or hereafter acquire against the United States of America on account of the same subject matter that gave rise to the above-captioned action, including any future claim or lawsuit of any kind or type whatsoever, whether known or unknown, and whether for compensatory or exemplary damages. Plaintiff and his guardians, heirs, executors, administrators or assigns further agrees to reimburse, indemnify and hold harmless the United States of America from and against any and all such causes of action, claims, liens, rights, or subrogated or contribution interests incident to or resulting from further litigation or the prosecution of claims by Plaintiff or his guardians, heirs, executors, administrators or assigns against any third party or against the United States, including claims for wrongful death.

5. **Dismissal of Action**. In consideration of the Settlement Terms and the other terms of this Agreement, Plaintiff shall immediately upon execution of this Agreement also execute a Stipulation of Dismissal, a copy of which is attached hereto as Exhibit A. The Stipulation of Dismissal shall dismiss, with prejudice, all claims asserted in this action, or that could have been asserted in this action. The fully executed Stipulation of Dismissal will be held by Defendant's attorney and will be filed within five (5) business days of receipt of the Airworthiness Certificate, pursuant to the terms in Paragraph 11.

6. **No Admission of Liability.** This stipulation for compromise settlement is not intended to be, and should not be construed as, an admission of liability or fault on the part of the United States, and it is specifically denied that it is liable to the Plaintiff. This settlement is entered into by all parties for the purpose of compromising disputed claims and avoiding the expenses and risks of further litigation.

7. **Parties Bear Their Own Costs.** It is also agreed, by and among the parties, that the respective parties will each bear their own costs, fees, and expenses.

8. **Attorney's Fees.** It is also understood by and among the parties that pursuant to Title 28, United States Code, Section 2678, attorney's fees for services rendered in connection with this action shall not exceed 25 per centum of the amount of the compromise settlement.

9. **Authority.** The persons signing this Agreement warrant and represent that they possess full authority to bind the persons on whose behalf they are signing to the terms of the settlement.

10. **Waiver of California Civil Code § 1542.** The provisions of California Civil Code Section 1542 are set forth below:

> "A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor."

Plaintiff having been apprised of the statutory language of Civil Code Section 1542 by his attorney, and fully understanding the same, nevertheless elects to waive the benefits of any and all rights he may have pursuant to the provision of that statute and any similar provision of federal law. Plaintiff understands that, if the facts concerning Plaintiff's injury and the liability of the government for damages pertaining thereto are found hereinafter to be other than or different from the facts now believed by them to be true, the Agreement shall be and remain effective notwithstanding such material difference.

11. **Consent Decree.** The parties further agree that Allen Wayne Lackey be enjoined from operating any aircraft, both commercially and privately, until such time as he obtains valid, effective and properly issued pilot certificates from the FAA. The parties further agree that

Plaintiff will immediately surrender the Airworthiness Certificate for helicopter Bell 206 B, Serial No. 1792 (Registration Number N62HF) to the U.S. Attorney's Office, care of Assistant U.S. Attorney Ann Marie Reding, 450 Golden Gate Avenue, Box 36055, San Francisco, California 94102-3495.[2] Further, Plaintiff will be enjoined from operating any aircraft unless that aircraft is properly certificated, having a current and valid Airworthiness Certificate and Aircraft Registration Certificate.

12. **Tax Liability.** If any withholding or income tax liability is imposed upon Plaintiff or Plaintiff's counsel based on payment of the Settlement Terms, Plaintiff or Plaintiff's counsel shall be solely responsible for paying any such determined liability from any government agency. Nothing in this Agreement constitutes an agreement by the United States of America concerning the characterization of the Settlement Terms for the purposes of the Internal Revenue Code, Title 26 of the United States Code.

13. **Construction**. Each party hereby stipulates that it has been represented by and has relied upon independent counsel in the negotiations for the preparation of this Agreement, that it has had the contents of the Agreement fully explained to it by such counsel, and is fully aware of and understands all of the terms of the Agreement and the legal consequences thereof. For purposes of construction, this Agreement shall be deemed to have been drafted by all Parties to this Agreement and shall not, therefore, be construed against any Party for that reason in any subsequent dispute.

14. **Severability**. If any provision of this Agreement shall be invalid, illegal, or unenforceable, the validity, legality, and enforceability of the remaining provision shall not in any way be affected or impaired thereby.

---

[2] Allen Wayne Lackey is the President of Wine Country Helicopter Leasing, Inc., to which helicopter Bell 206 B, Serial No. 1792 (Registration Number N62HF) is registered. On July 5, 2012, the FAA issued an emergency order of suspension ordering Mr. Lackey to surrender the Airworthiness Certificate of N62HF pursuant to 49 U.S.C. §46105(c) (determining that an emergency exists related to safety in air commerce and ordering immediate suspension)(FAA Case No. 2012WP250036).

STIPULATION FOR COMPROMISE SETTLEMENT AND RELEASE;
[PROPOSED] ORDER AND CONSENT DECREE
3:12-cv-03241-RS, 3:12-cv-03242-RS, 3:12-cv-03244-RS        5

15. **Integration**. This instrument shall constitute the entire Agreement between the parties, and it is expressly understood and agreed that the Agreement has been freely and voluntarily entered into by the parties hereto with the advice of counsel, who have explained the legal effect of this Agreement. The parties further acknowledge that no warranties or representations have been made on any subject other than as set forth in this Agreement. This Agreement may not be altered, modified or otherwise changed in any respect except by writing, duly executed by all of the parties or their authorized representatives.

DATED: October 23, 2012

PLAINTIFF ALLEN WAYNE LACKEY

DATED: October 22, 2012

DOUGLAS PHARR
Plaintiff's Attorney

DATED: October __, 2012

LISA TOSCANO
FAA Western-Pacific Region

DATED: October __, 2012

ANN MARIE REDING
Assistant United States Attorney
Attorney for Defendant

## [PROPOSED] ORDER AND CONSENT DECREE

PURSUANT TO STIPULATION, IT IS SO ORDERED.

It is further ORDERED, DIRECTED AND DECREED that Allen Wayne Lackey be enjoined from operating any aircraft, both commercially and privately, until such time as he obtains valid, effective and properly issued pilot certificates from the Federal Aviation Administration. The Court further orders Mr. Lackey to immediately surrender the Airworthiness Certificate for helicopter Bell 206 B, Serial No. 1792 (Registration Number N62HF) to the U.S. Attorney's Office, care of Assistant U.S. Attorney Ann Marie Reding, 450 Golden Gate Avenue, Box 36055, San Francisco, California 94102-3495. It is further ordered that Mr. Lackey be enjoined from operating any aircraft unless that aircraft is properly certificated, having a current and valid Airworthiness Certificate and Aircraft Registration

15. **Integration**.  This instrument shall constitute the entire Agreement between the parties, and it is expressly understood and agreed that the Agreement has been freely and voluntarily entered into by the parties hereto with the advice of counsel, who have explained the legal effect of this Agreement.  The parties further acknowledge that no warranties or representations have been made on any subject other than as set forth in this Agreement.  This Agreement may not be altered, modified or otherwise changed in any respect except by writing, duly executed by all of the parties or their authorized representatives.

DATED: October __, 2012

_____
PLAINTIFF ALLEN WAYNE LACKEY

DATED: October __, 2012

_____
DOUGLAS PHARR
Plaintiff's Attorney

DATED: October 19, 2012

_Lisa J. Toscano_
LISA TOSCANO
FAA Western-Pacific Region

DATED: October 23, 2012

_Ann M. Reding_
ANN MARIE REDING
Assistant United States Attorney
Attorney for Defendant

### [PROPOSED] ORDER AND CONSENT DECREE

PURSUANT TO STIPULATION, IT IS SO ORDERED.

It is further ORDERED, DIRECTED AND DECREED that Allen Wayne Lackey be enjoined from operating any aircraft, both commercially and privately, until such time as he obtains valid, effective and properly issued pilot certificates from the Federal Aviation Administration.  The Court further orders Mr. Lackey to immediately surrender the Airworthiness Certificate for helicopter Bell 206 B, Serial No. 1792 (Registration Number N62HF) to the U.S. Attorney's Office, care of Assistant U.S. Attorney Ann Marie Reding, 450 Golden Gate Avenue, Box 36055, San Francisco, California 94102-3495.  It is further ordered that Mr. Lackey be enjoined from operating any aircraft unless that aircraft is properly certificated, having a current and valid Airworthiness Certificate and Aircraft Registration

Certificate. Nothing in this Agreement shall preclude the FAA from pursuing the civil penalties outlined in Paragraph 3 should Plaintiff operate any aircraft without first obtaining valid, effective and properly issued pilot certificates and unless that aircraft has a current and valid Airworthiness Certificate and Aircraft Registration Certificate.

Date: 10/25/12

_____
Hon. Richard Seeborg
UNITED STATES DISTRICT JUDGE

STIPULATION FOR COMPROMISE SETTLEMENT AND RELEASE;
[PROPOSED] ORDER AND CONSENT DECREE
3:12-cv-03241-RS, 3:12-cv-03242-RS, 3:12-cv-03244-RS      7